IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTON WILLIAMS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-11-574 |
| | : | Criminal No. CCB-08-0347 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## MEMORANDUM

Federal prison inmate Anton Williams has filed a motion to vacate sentence under 28 U.S.C. § 2255 and a first amended motion raising several claims related to his guilty plea and sentencing. For the reasons that follow, the motions will be denied.

Williams pled guilty on June 29, 2009 to the charge of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine hydrochloride. Given the quantity, his criminal history, and the mandatory minimum, his guideline range was 120 to 135 months. On January 7, 2010 he was sentenced to the mandatory minimum of 120 months. No appeal followed.

In this timely § 2255 motion, Williams alleges (1) that the court did not properly determine his plea was knowing and voluntary and (2) that his counsel was ineffective for (a) failing to adequately investigate and present Williams' mental history at sentencing and (b) failing to seek downward departures based on diminished capacity, mental and emotional conditions, extraordinary family circumstances, employment and family ties, aberrant behavior, and sentencing disparity.

None of Williams's sentencing arguments are relevant in the face of a knowing and voluntary plea to charges carrying a 120-month mandatory minimum. Counsel is not ineffective for failing to request a departure this court had no authority to provide. As to the guilty plea, the

record reflects a thorough colloquy with Williams in which he indicated his understanding of the charge and the penalties, including the mandatory minimum, and stated satisfaction with his counsel.  Williams appears to contend that when the presentence report ("PSR") revealed his past psychiatric history, the court should have revisited the voluntariness of his plea.  The PSR, however, states that while Williams had issues as a child, he told the probation officer that he "outgrew" this behavior as a teenager, and he reported no mental health issues as an adult.  (PSR ¶ 83).  Nothing Williams presents in his motion constitutes evidence of a psychiatric condition present in June 2009 which would have prevented him from entering a knowing and voluntary plea.  Accordingly, his motion under § 2255 will be denied.  Further, he has not met the standard for a certificate of appealability under 28 U.S.C. § 2253(c).[1]

     A separate Order follows.

November  14, 2012                                        /s/
      Date                                                  Catherine C. Blake
                                                          United States District Judge

---

[1] Williams is free to seek a certificate of appealability from the Fourth Circuit.